**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**LITTLE ROCK DIVISION**

**UNITED STATES OF AMERICA**                                   **PLAINTIFF**

**v.**                             **Case No. 4:13MJ4026 HDY**

**FADI QTOUF**                                                 **DEFENDANT**

**BRIEF IN SUPPORT OF MOTION FOR**
**REVOCATION OF DETENTION ORDER**

COMES NOW, the Defendant, Fadi Qtouf, by and through counsel, The Hancock
Law Firm, and for his brief in support of his motion for revocation of detention order,
states:

**PROCEDURAL AND FACTUAL HISTORY**

On or about July 25, 2012, Mr. Qtouf was charged in State court with two counts
of Possession of a Controlled Substance with the Purpose to Deliver, one count of
Maintaining a Drug Premise and one count of Possession of Drug Paraphernalia.

With leave from the State Court, Mr. Qtouf traveled abroad to undergo eye
surgery.  While abroad, Mr. Qtouf was given sufficient information to believe that a
criminal complaint would be filed in the United States District Court in the Eastern
District of Arkansas.  Concerned that he would be detained immediately upon reaching a
U.S. port of entry, Mr. Qtouf directed the attorney representing him in State court to
request that he be allowed to travel to the Little Rock area before being taken into
custody.

Within days of returning to Little Rock, Mr. Qtouf's was taken into Custody in
response to the matter before this court. A detention hearing was held on August 27, 2013
during which Mr. James Clouette represented the Defendant. At the conclusion of the
detention hearing, U.S. Magistrate Judge H. David Young determined that there was a
serious risk that the defendant would not appear and that there was a serious risk that the

defendant will endanger the safety of another person or the community. Therefore, Mr. Qtouf was remanded into the custody.

Mr. Qtouf retained the undersigned Counsel on September 4th, 2013. Counsel promptly requested a transcript of the August 27th Detention Hearing.  At this time, counsel is awaiting the receipt of the aforementioned transcript and thus is without the knowledge and benefit of the information that was disclosed during Mr. Qtouf's detention hearing. Defendant's Motion For Revocation of the Order of Detention and the Brief in support thereof are being filed to preserve the timeliness of the pleadings. Counsel intends to file amended pleadings upon receipt of the aforementioned transcript.

## APPLICABLE LAW

Section 3142 of Tittle 18 of the United States Code specifies how judicial officers are to determine a defendant's pre-trail custody status.  Section 3142 of title 18 of the United States Code requires a judicial officer to first determine if a defendant's release from custody poses a risk to the safety of any other person or to the community, and whether the defendant constitutes a flight risk.

If a judicial officer finds that the defendant constitutes a flight risk or that his pretrial release creates a risk to the safety of any other person or to the community, the judicial officer must then consider if any condition or set of conditions exist that when imposed upon the defendant would reasonably assure the defendant's presence for court proceedings and/or reasonably assure the safety of the community. Subsection (g) of 18 U.S.C. §3142 enumerates the factors a judicial officer must consider when making this determination. These factors include the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. §3142(g).

Ordinarily, a defendant can be detained prior to trial only if the Government shows by clear and convincing evidence that no release condition or set of conditions will

2

reasonably assure the safety of the community. Additionally, upon finding that a defendant constitutes a flight risk, the Government must show by a fair preponderance of the evidence that no condition or set of conditions will reasonably assure defendant's presence at trial.  See *United States* v. *Orta* 760 F.2d 887 (8th Cir. Mo. 1985). See also 18 U.S.C. §3142(f).

## ARGUMENT

Mr. Qtouf contends that the U.S. Magistrate relied largely upon hearsay evidence in finding that: probable cause exists to believe that after his arrest on State charges Mr. Qtouf continued to actively participate as a leader in a drug conspiracy; that there is unaccounted for cash that could be utilized by Mr. Qtouf to leave the county; and that Mr. Qtouf's recent travel was evidence that many of Mr. Qtouf's contacts are outside the country.

While hearsay is admissible in a detention hearing, this hearsay account of Mr. Qtouf hardly suggests that no condition or set of conditions exist that would reasonably assure the safety of the community if Mr. Qtouf was released pending trial.

In the case of See *United States* v. *Orta* 760 F.2d 887 (8th Cir. Mo. 1985), the Defendant, Orta, was denied bail on the grounds that her activities could not be monitored adequately to guarantee compliance with public safety. The district court accepted the presiding magistrate's finding that Orta had been carrying a loaded gun in her purse, that large quantities of drugs were found in her residence and that witnesses had expressed fear of reprisal.  The court of appeals found that the district court had erred in interpreting the "reasonably assure" standard set forth in 18 U.S.C. §3142 as a requirement that release conditions "guarantee" community safety and the defendant's appearance.

In short, a defendant must be released on bond upon finding the existence of a condition or a set of conditions that will provide an objectively reasonable assurance of community safety and the defendant's appearance for trial. *Id* at 892.

Like Orta, Mr. Qtouf assets that there are conditions which could reasonably assure the safety of the community specially in light of the intense scrutiny that would be placed upon him by the U.S. Probation officer, and by law enforcement officers in general, including, but not limited to, the DEA.

These conditions include but are not limited to: (1) that the Defendant refrain from violating any Federal law, State law, or local ordinance; (2) that the Defendant refrain from the use of alcohol, illegal drugs or other mind altering substances not prescribed to him by a physician; (3) that the Defendant refrain from traveling outside of the Court's jurisdiction; (4) that the Defendant surrender his passport for the duration of these proceedings; (5) that the Defendant be subject to electronic monitoring and to home detention if the Court deems such necessary; and (6) that the Defendant not possess any firearms, and that no other persons possess firearms in the residence where he is to remain.

## CONCLUSION

For all the above stated reasons, Defendant Fadi Qtouf respectfully prays that this Court enter an order revoking the order of detention imposed by U.S. Magistrate Judge H. David Young on August 27, 2013; releasing him from pre-trial detention and setting forth the appropriate conditions for bond that the Court deems necessary and proper.

Respectfully Submitted,

BY */s/   Charles D. Hancock*
Charles D. Hancock
AR Bar # 2001022
Alex R. Burgos
AR Bar #2011133
Hancock Law Firm
610 E. 6th St.
Little Rock, AR. 72202
Tel. (501) 372-6400
Fax. (501) 372-6501
Hancock@hancocklawfirm.com
AlexB@hancocklawfirm.com

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 8, 2013, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which shall send notification of such filing to Stephanie Mazzanti and John Ray White in the United States Attorney's Office.

*/s/Charles D. Hancock*
Charles D. Hancock
AR Bar #2001022
Alex R. Burgos
AR Bar #2011133
Hancock Law Firm
610 E. 6th St.
Little Rock, AR. 72202
Tel. (501) 372-6400
Fax. (501) 372-6501

5